IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVALONBAY COMMUNITIES, INC.<br>2900 Eisenhower Avenue, 3rd Floor<br>Alexandria, VA 22314<br><br>Plaintiff,<br><br>v.<br><br>SLCE ARCHITECTS, LLP<br>841 Broadway<br>New York, New York 10003<br><br>SERVE:<br><br>    Peter Claman, Managing Partner<br>    841 Broadway<br>    New York, New York 10003<br><br>    Luigi Russo, Partner<br>    841 Broadway<br>    New York, New York 10003<br><br>and<br><br>SCHUMAN LICHTENSTEIN CLAMAN<br>EFRON ARCHITECTS<br>841 Broadway<br>New York, New York 10003<br><br>SERVE:<br><br>    Peter Claman, Managing Partner<br>    841 Broadway<br>    New York, New York 10003<br><br>    Luigi Russo, Partner<br>    841 Broadway<br>    New York, New York 10003<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff AvalonBay Communities, Inc. ("Plaintiff"), by its undersigned counsel, hereby brings this Complaint against Defendants SLCE Architects, LLP and Schuman Lichtenstein Claman Efron Architects (collectively, "Defendants") and states as follows:

## PARTIES

1. Plaintiff AvalonBay Communities, Inc. is, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 2900 Eisenhower Avenue, 3rd Floor, Alexandria, Virginia 22314. AvalonBay is a fully integrated, national real estate firm that specializes in the acquisition, development, construction and management of residential communities with a specific focus on multi-family housing.

2. Defendants are, and at all times mentioned in this complaint were, architectural firms licensed by the State of New York and the District of Columbia and practicing under the names SLCE Architects, LLP and Schuman Lichtenstein Claman Efron Architects. Defendants have their principal place of business at 841 Broadway, New York, New York 10003.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this case involves questions arising under the federal civil rights laws, specifically the Fair Housing Act Amendments of 1988, 42 U.S.C. § 3604(f) et seq. ("FHA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12181, 12182(a), and 12183(a)(1) ("ADA").

4. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties on either side of the lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1332(c)(1), the parties are completely diverse.

5. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a), as those state law claims are so related to the federal law claims that they form part of the same case or controversy.

6. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(c), because the defendants have sufficient contacts to the District of Columbia and the parties have agreed to file suit in the District of Columbia should a dispute arise between them.

## FACTUAL BACKGROUND

7. Plaintiffs and Defendants entered into a written contract by which Defendants agreed to provide architectural plans and services to Plaintiff for the multi-family dwelling known as Avalon at Gallery Place located in Washington, DC (the "Project").

8. Plaintiff was the developer of the Project and contracted with, and relied upon, Defendants to provide architectural design services with regard to the Project.

9. Defendants completed the plans and specifications for the Project, and construction of the Project began shortly thereafter.

10. The Project was constructed in compliance with the plans and specifications supplied by Defendants. No material changes to the Project have occurred since the Project was completed.

11. As the firms that designed the Project, Defendants were legally responsible for designing the Project in accordance with the design and construct requirements of (a) the FHA, 42 U.S.C. § 3604(f), (b) the ADA, 42 U.S.C. §§ 12181, 12182(a), and 12183(a)(1), and (c) all other legal requirements.

12. Under the contract, Defendants expressly or impliedly warranted that they would design the Project in accordance with all applicable federal laws, including the FHA and the

3

ADA. Defendants also agreed to exercise a reasonable degree of care and diligence in performing its services under the contract.

13. Defendants further had a duty to exercise the level of professional skill and care commonly required of architects in the design of the Project. Such duty of care includes ensuring that the design complies in all respects with all applicable federal laws relating to disabilities, including the FHA and the ADA.

14. AvalonBay was sued by the Equal Rights Center ("ERC") on or about September 22, 2005, alleging, *inter alia*, that AvalonBay "has engaged in a continuous pattern and practice of discrimination" and has violated the FHA and the ADA "in the design, construction and operation of covered multifamily dwellings, including residential complexes in Maryland, California, Connecticut, Illinois, Massachusetts, Minnesota, New Jersey, New York, Rhode Island, Virginia, Washington, and the District of Columbia."

15. To the extent that the Project violates the accessibility requirements of the FHA or the ADA, many or most of such violations are attributable to design defects contained in the plans and specifications prepared by Defendants and thus are the legal responsibility of Defendants.

16. Defendants are obligated to indemnify Plaintiff for all claims, judgments, costs, injuries, damages, liabilities and expenses, including reasonable attorney's fees to which Plaintiff may be subject because of Defendants' acts or omissions.

17. Such obligation includes Defendants' obligation to indemnify Plaintiff for damages, attorney's fees and costs paid to the ERC on account of any design defects contained in the plans and specifications prepared by Defendants, and for those costs AvalonBay may incur in fulfilling any obligations pursuant to a court order or settlement decree to modify covered

multifamily dwelling units, common areas and public accommodations related to the Project to comply with the FHA and the ADA. Such modifications may include, but are not limited to, redesigning and constructing, removing, replacing, widening, relocating, adding and/or creating the following features: door widths; hardware and locations; thresholds; routes into and through dwellings; light switches; electric outlets; thermostats and other environmental controls; bathroom wall reinforcements; bathroom and kitchen fixtures; appliances and counters; kitchen and bathroom clear floor space; closets; balconies and patios as well as those common and public areas designed by an architect for hallways, community rooms and community buildings, leasing or sales offices and common bathrooms, recreational facilities, parking or the grounds or landscape.

18.   To the extent that the Project violates the accessibility requirements of the FHA or the ADA, Defendants breached the express and implied warranties in its contract with Plaintiff by designing covered multifamily dwelling units, common areas and/or public accommodations at the Project in a manner that did not fully comply with FHA and ADA requirements.

19.   To the extent that the Project violates the accessibility requirements of the FHA or the ADA, Defendants' breach of the express and implied warranties in its contract with AvalonBay may cause Plaintiff to incur damages in that Plaintiff may become obligated to incur the cost of retrofitting covered multifamily dwelling units, common areas and/or public accommodations at the Project to comply with FHA and ADA requirements.

20.   To the extent that the Project violates the accessibility requirements of the FHA or the ADA, Defendants were negligent in that they failed to use the level of professional skill and care required of architects in designing covered multifamily dwelling units, common areas

and/or public accommodations at the Project necessary to comply with FHA and ADA requirements.

21. To the extent that the Project violates the accessibility requirements of the FHA or the ADA, Defendants' negligence in designing the Project may cause Plaintiff to incur damages in the form of settlement payments or a judgment in favor of the ERC and the cost of retrofitting covered multifamily dwelling units, common areas and/or public accommodations at the Project to comply with FHA and ADA requirements.

22. Plaintiff has incurred, and continues to incur, substantial expenses by its payment of reasonable attorney's fees and costs in its defense of the Complaint filed by the ERC on or about September 22, 2005, which relates in part to allegations regarding Defendants' acts or omissions in designing the Project.

**COUNT I**
(FHA Violations)

23. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is an "aggrieved person" entitled to obtain appropriate relief for Defendants' violations of the FHA. 42 U.S.C. § 3613(a)(1)(A).

25. The Project designed by Defendants for Plaintiff contains residential apartment units that are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

26. The Project Defendants designed for Plaintiff that was constructed for first occupancy after March 13, 1991, is a "covered multi-family dwelling" within the meaning of 42 U.S.C. § 3604(f)(7)(A), and is subject to the requirements of 42 U.S.C. § 3604(f)(3)(C).

27. To the extent that the Project violates the accessibility requirements of the FHA, Defendants, in designing the Project for Plaintiff, has discriminated in the sale or rental, or

otherwise made unavailable or denied, a dwelling to a buyer or renter because of a handicap of (a) that buyer or renter, (b) a person residing in or intending to reside in that dwelling after it is so sold, rented or made available, or (c) any person associated with that buyer or renter, in violation of the FHA, 42 U.S.C. § 3604(f)(1).

28. To the extent that the Project violates the accessibility requirements of the FHA, Defendants, in designing the Project for Plaintiff, have discriminated against persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwellings, because of a handicap of (a) that person, (b) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available, or (c) any person associated with that person, in violation of the FHA, 42 U.S.C. § 3604(f)(2).

29. To the extent that the Project violates the accessibility requirements of the FHA, as a direct and proximate result of these unlawful actions, Defendants have caused and continues to cause immediate and great harm to Plaintiff for which Defendants are liable to Plaintiff.

**COUNT II**
(Express Indemnity)

30. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 29 as though fully set forth herein.

31. Defendants' contract contains express indemnity provisions under which Defendants agreed to indemnify Plaintiff for losses and damages arising out of Defendants' performance of, or failure to perform, its duties and obligations under the contract.

32. With regard to the Project designed pursuant to this contract, Defendants are obligated under the express contractual indemnity provisions to indemnify Plaintiff for (a)

damages, attorney's fees and costs paid by Plaintiff, and (b) costs incurred by Plaintiff to retrofit those portions of the Project improperly designed by Defendants.

33. Defendants therefore have an express obligation to indemnify Plaintiff for (a) damages, attorney's fees, and costs paid by Plaintiff in defending claims relating to the Project, and (b) costs incurred by Plaintiff to retrofit those portions of the Project improperly designed by Defendants.

## COUNT III
(Implied Indemnity)

34. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

35. Under the contract between Defendants and Plaintiff for architectural design services at the Project, Defendants were contractually obligated to prepare plans and specifications that complied with the FHA, the ADA, and all other applicable laws.

36. As between Plaintiff and Defendants, Defendants bear a substantially greater share of responsibility for any failure of the Project to be designed according to the requirements of the FHA and the ADA, given Defendants' superior knowledge, skill and involvement in the design of the Project.

37. Defendants therefore have an obligation, implied by law, to indemnify Plaintiff for (a) damages, attorney's fees, and costs paid by Plaintiff in defending claims relating to the Project, and (b) costs incurred by Plaintiff to retrofit those portions of the Project improperly designed by Defendants.

## COUNT IV
(Breach of Contract)

38. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 37 as though fully set forth herein.

39. Under the contract between Defendants and Plaintiff for architectural design services at the Project, Defendants expressly or impliedly warranted that they would design the Project in accordance with all applicable federal laws, including the FHA and the ADA.

40. To the extent that the Project violates the accessibility requirements of the FHA and/or ADA, Defendants breached the warranties under its contract with Plaintiff by failing to design covered multifamily dwelling units, common areas and/or public accommodations at the Project in full compliance with FHA and ADA requirements. Defendants also breached the contract by failing to exercise a reasonable degree of care and diligence in performing their services under the contract.

41. As a result of Defendants' breach of the contract, Plaintiff may become obligated to pay damages, attorney's fees and costs as well as to retrofit covered multifamily dwelling units, common areas and public accommodations at the Project to conform to FHA and ADA requirements.

42. Defendants are liable to Plaintiff for (a) damages, attorney's fees, and costs paid by Plaintiff in defending claims relating to the Project, and (b) costs incurred by Plaintiff to retrofit those portions of the Project improperly designed by Defendants.

## COUNT V
(Negligence)

43. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants were obligated to exercise ordinary and reasonable care and skill in providing architectural services to Plaintiff in connection with the project.

45. To the extent that the Project violates the accessibility requirements of the FHA and/or ADA, Defendants, in providing architectural services to Plaintiff in connection with the design and construction of the Project, negligently, carelessly, and in breach of its duties to AvalonBay:

   a. failed to prepare proper plans and specifications for the construction of the Project; and

   b. failed to conduct timely and adequate inspections of the construction work as it progressed on the Project to ensure compliance with applicable laws, including the FHA and the ADA

46. To the extent that the Project violates the accessibility requirements of the FHA and/or ADA, as a result of Defendants' negligence and failure to exercise the level of Defendants skill and care required of an architect, the Project was designed in a manner that fails to conform to the requirements of the FHA and the ADA. Defendants are liable to Plaintiff for contribution of a portion of (a) the damages, attorney's fees and costs paid by Plaintiff to the ERC, and (b) costs incurred by Plaintiff to modify and retrofit non-compliant portions of the Project designed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AvalonBay prays for the following relief:

A. Declaratory judgment declaring to what extent Defendants violated the accessibility requirements of the FHA and/or ADA;

B. Declaratory judgment declaring to what extent Defendants are legally responsible for such FHA and/or ADA violations;

C. Judgment in favor of Plaintiff and against Defendants for the cost of modifying the Project, in an amount to be determined at trial but to exceed $75,000.

D. Judgment in favor of Plaintiff and against Defendants for the portion of any damages, including any attorney's fees and costs, paid by Plaintiff to ERC on account of the design deficiencies in those portions of the Project designed by Defendants, in an amount to be determined at trial but to exceed $75,000.

E. A declaration that Defendants are required to indemnify Plaintiff for all costs that have been incurred or will be incurred by Plaintiff, in accordance with any settlement or judgment, to modify those portions of the Project designed by Defendants.

F. An award of costs, including reasonable attorney's fees pursuant to FHA, 42 U.S.C. § 3613(c)(2); and

G. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff AvalonBay demands a trial by jury on all issues so triable.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Lynn E. Calkins*

Christopher B. Hanback (Bar # 232579)
Lynn E. Calkins (Bar # 445854)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: lynn.calkins@hklaw.com

*Counsel for AvalonBay Communities, Inc..*

# 4489359_v5

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
AVALONBAY COMMUNITIES, INC.

## DEFENDANTS
SLCE ARCHITECTS, LLP
SCHUMAN LICHTENSTEIN CLAMAN EFRON ARCHITECTS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher B. Hanback
Lynn E. Calkins
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006-6801
202-955-3000

Case: 1:08-cv-01341
Assigned To : Kennedy, Henry H.
Assign. Date : 8/4/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

[4]

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ☒ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☒ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Sections 3601-3619, disability discrimination in multi-family housing

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ TBD   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 8/4/08   SIGNATURE OF ATTORNEY OF RECORD _[signature] E. Celias_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.